# Exhibit "C"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Merced Superior Court
9/10/2025 2:52 PM
Amanda Toste
Clerk of the Superior Court
By: Paige Parham, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Piper Aircraft, Inc., a corporation, Pratt & Whitney Canada Corporation, Western Aircraft, Inc. and DOES 1-25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Vegetable Flight Resources, LLC, a limited liability company

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
County of Merced, 627 W. 21st Street, Merced, CA 95340

**CASE NUMBER:**
*(Número del Caso):* 25CV-05080

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
G. Cresswell Templeton III, c/o Hill, Farrer, & Burrill LLP, 515 S. Flower St., 7th Floor, Los Angeles, CA 90071

DATE: 9/10/2025 2:52 PM    Clerk, by Amanda Toste, Deputy
*(Fecha)*                  *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| G. Cresswell Templeton III, Esq. (SBN 138398)<br>HILL, FARRER & BURRILL LLP<br>TELEPHONE NO.: (213) 620-0460   FAX NO.: (213) 624-4840<br>EMAIL ADDRESS: ctempleton@hillfarrer.com<br>ATTORNEY FOR *(Name)*: Plaintiff, VEGETABLE FLIGHT RESOURCES, LLC | ELECTRONICALLY FILED<br>Merced Superior Court<br>9/10/2025 2:52 PM<br>Amanda Toste<br>Clerk of the Superior Court<br>By: Patricia Palmerin, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED
STREET ADDRESS: 627 W. 21st Street
MAILING ADDRESS: 627 W. 21st Street
CITY AND ZIP CODE: Merced, 95340
BRANCH NAME: Old Merced Courthouse

CASE NAME:
VEGETABLE FLIGHT RESOURCES, LLC vs. PIER AIRCRAFT, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 25CV-05080 |
|---|---|---|
| [x] Unlimited  [ ] Limited<br>(Amount demanded exceeds $35,000) (Amount demanded is $35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [x] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 10, 2025

G. Cresswell Templeton III
*(TYPE OR PRINT NAME)*                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

This e-copy is the official court record (GC68150)

ELECTRONICALLY FILED
Merced Superior Court
9/10/2025 2:52 PM
Amanda Toste
Clerk of the Superior Court
By Patti Parker, Deputy

This is a copy of the official court record (GC68150)

1  HILL, FARRER & BURRILL LLP
   G. Cresswell Templeton III (S.B. No. 138398)
2  ctempleton@hillfarrer.com
   515 S. Flower Street, 7th Floor
3  Los Angeles, California 90071

4  Attorneys for Plaintiff

ASSIGNED FOR ALL PURPOSES

Judge Jameison, Stephanie

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MERCED

| | |
|---|---|
| Vegetable Flight Resources, LLC, a limited liability company,<br><br>    Plaintiffs,<br><br>  v.<br><br>Piper Aircraft, Inc., a corporation, Pratt & Whitney Canada Corporation, Western Aircraft, Inc. and DOES 1-25,<br><br>    Defendants. | Case No. 25CV-05080<br><br>[DEMAND FOR JURY TRIAL]<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF ARISING FROM:**<br><br>(1) Breach of Contract;<br>(2) Fraud and Negligent Misrepresentation;<br>(3) Breach of the Implied Warranty of Fitness for a Particular Purpose;<br>(4) Breach/Anticipatory Breach of Contract;<br>(5) Fraud and Negligent Misrepresentation;<br>(6) Rescission; and<br>(7) Violation of B&PC §§ 17200, *et seq.* |

## THE PARTIES

1. Plaintiff Vegetable Flight Resources LLC ("VFR") is an Oregon limited liability company whose registered agent is based in Portland, Oregon. VFR is registered in California as a foreign LLC.

2. Plaintiff is informed and believe that defendant Piper Aircraft, Inc. ("Piper") is a corporation. Plaintiff is unaware of Piper's place of incorporation. According to the

#3010790v1 S5262 001                     -1-
**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1. California Secretary of State Business Search portal, Piper is not qualified to do business in California.

2. 3. Plaintiff is informed and believe that defendant Pratt & Whitney Canada ("P&WC") is a Canadian corporation. According to the California Secretary of State Business Search portal, P&WC is not registered to do business in California.

3. 4. Plaintiff is informed and believes that defendant Western Aircraft, Inc. ("Western Aircraft") is a Nevada Corporation doing business in California. At all relevant times, Piper held Western Aircraft out as Piper Defendants' authorized dealer.

4. 5. Plaintiff is unaware of the true names and capacities of DOES 1 through 25 ("DOE Defendants") and therefore sues them using fictitious names. Plaintiff will amend this Complaint to reflect the DOE Defendants' true names and capacities when Plaintiff discovers that information. Plaintiff is informed and believe that each DOE defendant is in some manner responsible for the acts, omissions, and matters alleged in the Complaint.

5. 6. For ease of reference, Plaintiff shall refer to: (a) P&WC and DOES 1-10 "P&WC Defendants", (b) Piper and DOES 11-20 as "Piper Defendants," and (c) Western Aircraft and Does 21-25 as "Western Aircraft Defendants).

Plaintiff is informed and believe: (a) that at all times material herein, defendants, including each defendant sued under a fictitious name, was the agent, servant, employee, representative and/or alter ego of the remaining defendants; (b) that in doing the things alleged, each defendant, including each defendant sued under a fictitious name, was acting within the course and scope of its/his/her authority as such agent, servant, employee, representative and/or alter ego and with the permission and consent of the remaining defendants; (c) that each defendant, including each defendant sued under a fictitious name, was responsible in some manner for the acts alleged in this Complaint; (d) that each defendant, including each defendant sued under a fictitious name, was at all material times aware of and complicit in the conduct of the other defendants; and (e) that each defendant, including each defendant sued under a fictitious name, conspired with and aided and abetted the other defendants in the matters alleged in the Complaint.

## BACKGROUND

7. On or about October 11, 2019, Plaintiff purchased a 2018 Piper PA-46-600TP aircraft, also commonly known in the aviation industry as an "M600" ("the Aircraft"), for $2.47 million. The Aircraft had a then current model PT6-42A / Build Spec 1322 turbine engine ("Core Engine"). Plaintiff purchased the Aircraft from Western Aircraft, a Greenwich Aerogroup Company and Piper licensed dealer in Boise, Idaho, for both pleasure and business purposes, including, among other things, reducing burdensome travel time and expenses among Plaintiff's various business-related destinations. Plaintiff was led to believe by both Piper Defendants and Western Aircraft Defendants that Western Aircraft was acting as Piper Defendants' agent in the sale of the Aircraft. Among other things, the purchase agreement ("Purchase Agreement") was entitled "Piper Aircraft Purchase Agreement," and in upper right-hand corner of all pages of the Agreement was the Piper Defendants' logo.

8. To induce Plaintiff to purchase the Aircraft, Piper Defendants marketed and sold the Aircraft to Plaintiff with a package of warranties within Plaintiff's purchase agreement for the Aircraft, including a seven-year warranty on the engine through P&WC Defendants and a five-year propeller to tail warranty on the aircraft as a whole through Piper Defendants. The warranties were of substantial importance to Plaintiff, and Plaintiff would not have purchased the Aircraft without them. At the time of Plaintiffs' purchase, the Aircraft had approximately 80 hours on its engine and airframe and was sold "as new" with full factory backed warranties. Plaintiff is informed and believes that Piper Defendants authorized and instructed Western Aircraft Defendants to use Piper Defendants' name and logo on the Purchase Agreement to provide comfort to potential purchasers that Piper Defendants were standing behind the sale of Western Aircraft Defendants' sale of Piper Defendants' aircrafts.

9. On March 4, 2022, the Aircraft's nose landing gear inexplicably failed, in a manner not uncommon to the M600 line of aircraft and very similar to several other nose landing gear incidents with other M600's both prior and subsequent to Plaintiff's incident,

and lost directional control while landing at Merced Regional Airport, where the Aircraft was hangered. The incident resulted in total losses of both the nose landing gear and the Core Engine, as well as substantial airframe damage. The National Transportation Safety Board ("NTSB") and the Federal Aviation Administration (FAA) investigated the incident, and no pilot error was found. At the time of the incident, the NTSB was already investigating several previous nose landing gear related incidents on the M600 line of Piper aircraft, and Plaintiff therefore did not seek any other alternative engines.

10. In or about April 2023, Plaintiff entered into a purchase agreement with P&WC Defendants to purchase a new PT6A-42A replacement engine ("Replacement Engine") from P&WC in exchange for the damaged Core Engine. In doing so, Plaintiffs relied on representations by P&WC Defendants that the Engine would be suitable for its intended purpose, *i.e.*, installation into the Aircraft, and did not seek alternative engines.

11. For reasons unknown to Plaintiff, P&WC Defendants delayed over nine months before attempting to deliver the Replacement Engine to Plaintiff. Shortly after the P&WC Defendants finally attempted to deliver the Replacement Engine, it was determined that P&WC Defendants had delivered an engine that was incompatible with the Aircraft, delivering a PT6-42A / Build Spec 1415 instead of the required Build Spec 1322. When questioned, P&WC Defendants admitted that that the Replacement Engine was indeed incompatible with the Aircraft and that P&WC should never have accepted the purchase order in the first place. P&WC Defendants further advised Plaintiff that the Replacement Engine also could not be made compatible with the Aircraft, because Piper Defendants had, even as of the time of accepting the order for the Replacement Engine, ceased supporting the Build Spec 1322 engine and Piper M600 aircraft equipped with them and had opted to not develop necessary service bulletins for an FAA/NTSB approved conversion.

12. As a result of Defendants' conduct, Plaintiff has suffered substantial damages, including, but not limited to, its payment for the Replacement Engine in exchange for the damaged Core Engine which P&WC retained, lost rentals from a dry

lease for the Aircraft, interest on a purchase money loan for the Aircraft, prepayment penalty on the forced early payoff of Plaintiff's purchase money loan, insurance premiums on the Aircraft while grounded for repairs, hanger and storage costs for the Aircraft and replacement parts, substantial delay in the payment to Plaintiff of insurance proceeds for the Aircraft, the cost of the illusory engine and Aircraft warranties, loss of the value of at least two annual inspections on the M600 include in the warranty and diminution in value of the Aircraft due to the inability to return it to its pre-incident airworthy condition.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against P&WC Defendants)

13. Plaintiff re-alleges and incorporates by reference into this cause of action each and all of the preceding allegations in this Complaint.

14. Plaintiff entered into a written agreement with P&WC Defendants on or about October 4, 2022 ("P&WC Agreement"). Pursuant to P&WC Agreement, P&WC Defendants agreed to sell Plaintiff a Replacement Engine for the Damaged Engine for $825,735 and to provide the Replacement Engine in April 2023.

15. Plaintiff performed each and all of its obligations under the P&WC Agreement.

16. P&WC Defendants breached their obligations under the P&WC Agreement by failing to deliver the agreed Replacement to Plaintiff.

17. As a result of P&WC Defendants' breaches of the P&WC Agreement, Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Fraud and Negligent Misrepresentation Against P&WC Defendants)

18. Plaintiff re-alleges and incorporates by reference each and all of the preceding allegations in this Complaint.

19. P&WC Defendants represented to Plaintiffs that P&WC Defendants could and would deliver a Replacement Engine to Plaintiffs in April 23, 2023.

20. P&WC Defendants knew that their representations were false at the time P&WC Defendants made them or made the representations recklessly or without regard for their truth, or unreasonably and negligently.

21. P&WC Defendants intended that Plaintiffs rely on P&WC Defendants P&WC's representations.

22. Plaintiff reasonably relied on P&WC's representations.

23. Plaintiff was damaged in an amount to be determined at trial as a result of P&WC Defendants' false, reckless, or negligent representations.

24. Plaintiff's reliance on P&WC's representations were a substantial factor in causing Plaintiff's damages.

25. In engaging in the acts and conduct described above, Defendants, and each of them, acted intentionally and with a conscious disregard for Plaintiff's rights and have subjected Plaintiff to unjust hardship and have committed acts of fraud, oppression, and malice within the meaning of California Civil Code §3294(c), thereby entitling Plaintiff to an award of exemplary or punitive damages against Defendants, and each of them.

### THIRD CAUSE OF ACTION

**(Breach of the Implied Warranty of Fitness for a Particular Purpose Against the P&WC Defendants)**

26. Plaintiff re-alleges and incorporates by reference into this cause of action each and all of the preceding allegations in this Complaint.

27. Plaintiff purchased a Replacement Engine for the Damaged Engine for $825,735 from the P&WC Defendants.

28. At the time of the purchase, the P&WC Defendants knew or had reason to know that Plaintiff intended to use the Replacement Engine for a particular purpose (i.e., as a Replacement Engine in the Aircraft).

29. At the time of the purchase, the P&WC Defendants knew or had reason to know that Plaintiff was relying upon the P&WC Defendants' skill and judgment to select or furnish a product that was suitable for the particular purpose.

30. Plaintiff justifiably relied on the P&WC Defendants skill and judgment.

31. The Replacement Engine was not suitable for the Aircraft.

32. The failure of the Replacement Engine to be suitable for the Aircraft was a substantial factor in causing Plaintiff harm.

33. Plaintiff was damaged in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (Breach/Anticipatory Breach of Contract Against Piper Defendants and Western Aircraft Defendants)

34. Plaintiff re-alleges and incorporates by reference into this cause of action each and all of the preceding allegations in this Complaint.

35. Pursuant to its Purchase Agreement, Piper Defendants and Western Aircraft Defendants agreed to provide Plaintiff with a seven-year warranty through P&WC covering the Core Engine and a five-year propeller to tail warranty on the overall Aircraft. Implied in Plaintiff's purchase agreement is a covenant of good faith and fair dealing, which provides, among other things, that neither party will do anything to deprive the other of the party of its lawful right to receive the benefits due to him or her under the agreements.

36. Plaintiff is informed and believe that at some time currently unknown to Plaintiff Piper Defendants completely ceased supporting the Build Spec 1322 M600 Aircraft in favor of the new Build Spec 1415 by opting to not develop and issue necessary service bulletins required to convert the old PT6-42A / Build Spec 1322 engine to a new PT6A-42A /Build Spec 1414 engine, or otherwise provide a path forward to the Build Spec 1322 Aircraft needing engine replacement. Plaintiff is informed and believes that despite the existence of warranty packages they had provided, Piper Defendants elected to stop supporting the old PT6-42A engines with full knowledge that doing so was directly contrary to the engine warranty packages with which Piper Defendants had induced customers such as Plaintiff to purchase aircraft with the old PT6-42A engines.

#3010790v1 S5262.001               -7-
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

37. Piper Defendants and Western Aircraft Defendants knowingly and intentionally breached the Purchase Agreement and the implied covenant of good faith and fair dealing by virtue of Piper Defendants ceasing to support the old PT6-42A / Build Spec 1322 engines, leaving not only Plaintiff, but other M600 owners similarly situated, behind. Upon information and belief, such conduct was engaged in for the purpose of depriving Plaintiff of its benefits and rights under the Purchase Agreement.

38. The Piper Defendants and the Western Aircraft Defendants also anticipatorily breached the contract when the Piper Defendants repudiated the warranties by acts or statements indicating that the Piper Defendants and the Western Aircraft Defendants would not or could not substantially perform the essential elements of the warranties.

39. Plaintiff performed each and all of its obligations under its Purchase Agreement.

40. Plaintiff would not have purchased the Aircraft had Piper Defendants and/or Western Aircraft Defendants advised Plaintiffs that Piper Defendants might discontinue the old PT6-42A / Build Spec 1322 turbine engine during the warranty periods.

41. As a result of Piper Defendants' and Western Aircraft Defendants' conduct, Plaintiff has been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

**(Fraud and Negligent Misrepresentation Against Piper Defendants and Western Aircraft Defendants).**

42. Plaintiff re-alleges and incorporates by reference each and all of the preceding allegations in this complaint.

43. When Plaintiff purchased the Aircraft, Piper Defendants and Western Aircraft represented to Plaintiff that Piper Defendants were providing an engine warranty to Plaintiff on the old PT6-42A / Build Spec 1322 should the old PT6-42A engine be damaged and need to be replaced, regardless of the reasons therefore.

44. Piper Defendants and Western Defendants knew or should have known that their representations were false at the time they made them or made the representations recklessly or without regard for their truth, or unreasonably and negligently. When Plaintiff purchased the Aircraft, Piper Defendants and Western Aircraft Defendants knew or should have known that the old PT6-42A / Build Spec 1322 engine could not be replaced with a new PT6-42A / Build Spec 1415 engine unless Piper Defendants continued supporting the Aircraft fully under the warranties and by not doing so, Piper Defendants and Western Aircraft intended to lead Plaintiff to believe that Piper Defendants would continue supporting the Aircraft and the old PT6-42A engine throughout the term of the seven-year P&WC warranty and the five-year Piper warranty included in Plaintiff's Purchase Agreement.

45. Piper Defendants and Western Aircraft Defendants intended that Plaintiff rely on their representations.

46. Plaintiff reasonably relied on Piper Defendants' and Western Aircraft Defendants' representations.

47. Plaintiff was damaged in an amount to be determined at trial as a result of Piper Defendants' and Western Aircraft Defendants' false, reckless, or negligent representations.

48. Plaintiff's reliance on Piper Defendants' and Western Aircraft Defendants' representations were a substantial factor in causing Plaintiff's damages.

49. In engaging in the acts and conduct described above, Defendants, and each of them, acted intentionally and with a conscious disregard for Plaintiff's rights and have subjected Plaintiff to unjust hardship and have committed acts of fraud, oppression, and malice within the meaning of California Civil Code §3294(c), thereby entitling Plaintiff to an award of exemplary or punitive damages against Defendants, and each of them.

## SIXTH CAUSE OF ACTION

**(Rescission – Against Piper Defendants and Western Aircraft Defendants)**

50. Plaintiff re-alleges and incorporates by reference into this cause of action each and all of the preceding allegations in this Complaint.

51. Pursuant to its Purchase Agreement, Piper Defendants and Western Aircraft Defendants agreed to provide Plaintiff with a seven-year warranty through P&WC covering the Core Engine and a five-year propeller to tail warranty on the overall Aircraft.

52. Based on either a unilateral mistake of fact, mutual mistake of fact, and/or fraud, unbeknownst to Plaintiff, Plaintiff is informed and believes that at the time of contracting Piper knew or should have known that was either unwilling or unable to honor the warranty because Piper had ceased supporting the Build Spec 1322 M600 Aircraft in favor of the new Build Spec 1415 by opting to not develop and issue necessary service bulletins required to convert the old PT6-42A / Build Spec 1322 engine to a new PT6A-42A /Build Spec 1414 engine, or otherwise provide a path forward for any Build Spec 1322 aircraft needing new replacement turbines.

53. This rendered the warranty completely worthless.

54. Plaintiff would have never purchased the Aircraft if Plaintiff had known that Piper was either unwilling or unable to replace the Aircraft's engine if it failed.

55. Plaintiff requests restitution such that Plaintiff is placed in the same position that it would have been had it not purchased the Aircraft.

## SEVENTH CAUSE OF ACTION

**(Violation of Business & Professions Code §§ 17200, *et seq.*, Against All Defendants)**

56. Plaintiff re-alleges and incorporates by reference into this cause of action each and all of the preceding allegations in this Complaint.

57. Defendants and each of them have engaged, and continue to engage, in acts or practices that are unlawful, unfair, or fraudulent in violation of the California's Unfair Business Practices Law (Bus. & Prof. Code § 17200, et seq.) ("Unfair Business Practices Act"), including, but not limited to, those acts or practices discussed above.

58. Plaintiff has suffered injury in fact and has lost money or property as a result of their violations of California's Unfair Business Practices Act. As a direct and proximate result of their violations of California's Unfair Business Practices Act, Defendants have been unjustly enriched in an amount to be determined at trial.

59. As a result of defendants' conduct, Plaintiff may lose the financial benefit of the amounts Plaintiff paid and are entitled to injunctive relief and restitution in an amount to be determined at trial.

## RELIEF REQUESTED

Plaintiff seeks the following relief based on the allegations above:

(1) damages according to proof at trial;

(2) punitive damages;

(3) restitution according to proof at trial;

(4) disgorgement;

(5) rescission;

(5) injunctive relief;

(6) costs of suit;

(7) interest as permitted by applicable law; and

(8) such other and further relief as may be permitted under applicable law.

## DEMAND FOR JURY TRIAL

Pursuant to Article I, Section 16 of the California State Constitution, Plaintiff requests trial by jury.

DATED: September 10, 2025

HILL, FARRER & BURRILL

By: _____
G. Cresswell Templeton III

#3010790v1 S5262.001

-11-

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF