UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEGETABLE FLIGHT RESOURCES, LLC,<br>Plaintiff,<br>v.<br>PIPER AIRCRAFT, INC., et al.,<br>Defendants. | Case No. 1:25-cv-01413-KES-EPG<br><br>ORDER APPROVING STIPULATION FOR A PROTECTIVE ORDER, IN PART<br><br>(ECF No. 40) |

This matter is before the Court on the parties' stipulation for a protective order. (ECF No. 40). Upon review, the Court will approve the parties' stipulation for a protective order, in part.

The parties define confidential information subject to protection as "information (regardless of how it is generated, stored or maintained) or tangible things which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law." (*Id.* at 3).

But such a definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection without ever disclosing the types of information at issue contrary to Local Rule 141.1(c)(1), which requires as follows: "A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)."

However, the Court notes that the parties' stipulation elsewhere contains a category for "export controlled" information, which is defined as:

> [I]nformation that is subject to the requirements of the Export Administration Regulations [], 15 C.F.R. §§ 730.1, *et seq.*, and/or the International Traffic in Arms Regulations [], 22 C.F.R. §§ 120.1, *et seq*. Such information may be contained in documents that Defendants furnish in this case related to dual use commodities, technology, or software, or defense articles.

(*Id.* at 4).

The Court approves the stipulation to the extent that confidential information is limited to this more specific description in the stipulation.

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as following other procedures than provided under the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (ECF No. 40 at 9-11); *see* (ECF No. 29 at 4; Standard Procedures, available on the Court's website at https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/50351/).

Accordingly, IT IS ORDERED that the parties' stipulation for a protective order, (ECF No. 40), is approved, in part, as specified above.

IT IS SO ORDERED.

Dated: **September 30, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE